IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 15-130 CW

WEIPING CHEN,

    Plaintiff,

ORDER REMANDING CASE

  v.

MIDLAND INNOVATIONS NV, WEN WANG, and HONGDI REN,

    Defendants.

_____/

On March 20, 2015, this Court issued an order denying Plaintiff Weiping Chen's motion to remand. (Docket No. 32). The Court reasoned that Chen, a California resident, could not name Hongdi Ren, also a California resident, as a defendant in her suit because Chen did not claim a property interest adverse to Ren; thus, the Court retained diversity jurisdiction to hear the case. Subsequent to entry of that order, Ren filed an "Answer" to Chen's complaint, in which Ren specifically requested that her interest in the property be adjudicated. (Docket No. 36). Pursuant to California Code of Civil Procedure section 762.050, any person claiming an interest in property described in a quiet title complaint may appear in the proceeding and, if appearing,

must appear as a defendant.  Thus, even though Chen could not name Ren as a defendant, it was arguable that by operation of the above-cited code section, Ren could voluntarily choose to participate in the action as a defendant.  On May 20, 2015, this Court ordered briefing from the parties on the following two questions: (1) is Ren's "Answer" sufficient to constitute an appearance under California Code of Civil Procedure section 762.050, and (2) does the Court have jurisdiction to hear the case or must it now be remanded?

The legal standard is firmly established.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States. . . ."  28 U.S.C. § 1332(a).  Where a case has been removed from state court to federal court, the federal court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may--indeed must--remand an action sua sponte if it determines that it lacks subject matter jurisdiction.  See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  As the

removing party, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Chen and Midland filed briefs on the above-listed issues. Chen and Midland do not dispute that Ren's "Answer" is sufficient to constitute an appearance in this case, but they do dispute whether the Court must now remand the case to state court. Midland argues that the Court should either realign the parties or sever Ren from the case; in either instance, the Court retains diversity jurisdiction and need not remand the case. Chen argues that diversity jurisdiction is destroyed and that the Court must remand the case to state court.

In support of its argument that the Court may realign the parties, Midland cites three cases from the United States Supreme Court, each standing for the general proposition that the Court is empowered to arrange the parties to a case according to the parties' ultimate legal interests. Midland's Brief (Docket No. 41) at 3 (citing Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title and Trust Co., 197 U.S. 178 (1905); Hamer v. N.Y. Rys. Co., 244 U.S. 266 (1917); Indianapolis v. Chase National Bank, 314 U.S. 63 (1941)). Midland points out that Chen and Ren do not assert inconsistent interests--that is, they each assert a fifty percent interest in the property--and argues that the Court may, therefore, make Ren a plaintiff to the quiet title action. The Court is unconvinced that these authorities control in this

3

situation, where Chen asserts a state-law quiet title cause of action and state statute governing the action requires a specific orientation of the parties. California Code of Civil Procedure section 762.050 specifically states that a person with a claim to property subject to a quiet title action "shall appear as a defendant." Absent authority in a similar legal context, the Court is unwilling to negate a specific state statute by realigning parties according to a general principle.

Midland next argues that the Federal Rules of Civil Procedure permit the Court to dismiss dispensable nondiverse parties. Midland's Brief at 4-5 (citing Fed. R. Civ. P. 19 and 21). Midland argues that Ren's participation in the case is not necessary because Ren does not claim an interest adverse to Chen. As discussed in the Court's previous orders, Chen could not force Ren to participate in a quiet title action where Chen does not claim an adverse interest in the property. (See Order Denying Remand, Docket No. 32). However, California law is clear that anyone claiming an interest in the property "may appear in the proceeding." Cal. Civ. Proc. Code § 762.050. Ren has now opted to do so. Midland offers no authority for denying Ren the ability to participate in this action as provided for in the California law.

The Court thus concludes that Ren is a party to this action. Pursuant to California law, she "shall appear as a defendant." Cal. Civ. Proc. Code § 762.050. Chen and Ren are both citizens

of California and accordingly the case is no longer "between [ ] citizens of different States."  Thus, the Court lacks diversity jurisdiction to adjudicate the matter.  The clerk shall remand this action to Alameda County Superior Court and close the file.

IT IS SO ORDERED.

Dated: July 6, 2015

CLAUDIA WILKEN
United States District Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

WEIPING CHEN,

    Plaintiff,

v.

MIDLAND INNOVATIONS, NV, et al.,

    Defendants.

Case No. 15-cv-00130-CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hongdi Ren
2956 West Castle Pines Terrace
Dublin, CA 94568

Weiping Chen
2956 West Castle Pines Terrace
Dublin, CA 94568

Dated: July 6, 2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Nichole Peric

Nichole Peric, Deputy Clerk to the
Honorable CLAUDIA WILKEN